# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| EBONY HUFF, <br> 2372 Bluelark Dr. <br> Cincinnati, OH 45231 | : <br> : <br> : | Case No.: <br> <br> **COMPLAINT** |
| Plaintiff, | : | **Jury Demand Endorsed Hereon.** |
| vs. | : | |
| EQUIFAX INFORMATION SERVICES, LLC, <br> a Georgia limited liability company <br> c/o Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, OH 43215 | : <br> <br> : <br> <br> : | |
| and | : | |
| CAPITAL ONE BANK (USA), N.A., <br> a foreign corporation, <br> c/o Corporation Service Company <br> 100 Shockoe Slip 2nd Floor <br> Richmond, VA 23219 | : <br> <br> : <br> <br> : | |
| Defendants. | : | |

**NOW COMES THE PLAINTIFF, EBONY HUFF, BY AND THROUGH COUNSEL**, **RICHARD P. GABELMAN**, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Southern District of Ohio as the Defendants conduct business in the entire State of Ohio.

## PARTIES

4. Ebony Huff is an individual residing in Cincinnati, Ohio in Hamilton County.

5. Equifax, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Ohio.

6. Capital One Bank (USA), N.A. ("Capital One") is a foreign corporation that conducts business in the State of Ohio.

## GENERAL ALLEGATIONS

7. Capital One is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous monthly payment amount of $25.00 on Plaintiff's Equifax credit disclosure.

8. The monthly payment amount should be reported as $0.00

9. The account reflected by the Errant Tradeline is paid and closed. Plaintiff no longer has an obligation to make monthly payments to Capital One.

10. On March 13, 2019, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

11. On or about May 9, 2019, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline is paid and closed with a zero balance. Plaintiff no longer has an obligation to make monthly payments to Capital One. She asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to Capital One. Capital One received Plaintiff's consumer dispute from Equifax.

14. Capital One did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

2

15. In response to Plaintiff's dispute, Capital One verified to Equifax that its reporting of its Errant Tradeline was accurate.

16. Plaintiff had not received Equifax's investigation results. Therefore, on July 24, 2019, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and Capital One failed or refused to report the monthly payment amount as $0.00.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY CAPITAL ONE

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax of Plaintiff's consumer dispute of the monthly payment amount, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with the monthly payment of $0.00.

21. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

22. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and

embarrassment.

23. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

24. Plaintiff has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

27. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

29. Capital One is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

### COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant for Actual Damages; Statutory Damages; Damages for pecuniary, economic and emotional damages and loss; Attorney's Fees and the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: August 16, 2019                    Respectfully submitted,

*/s/Richard P. Gabelman*
Richard P. Gabelman, Esq. (#0074642)
6701 Montgomery Road
Cincinnati, Ohio 45213
Email: gabelmanrich@hotmail.com
*Attorney for Plaintiff*